UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOUGLAS DAVIS,CIVIL ACTION
Plaintiff,NO: 04-10894-MEL

vs.

WOODS HOLE, MARTHA'S VINEYARD
AND NANTUCKET STEAMSHIP
AUTHORITY,
Defendant.

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and answers the allegations contained in Plaintiff's Complaint and Demand for Jury Trial as follows.

### COUNT I

First:The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in the First Paragraph and therefore denies same.

Second:The defendant denies the allegations contained in the Second Paragraph.

Third:     The defendant admits the allegations contained in the Third Paragraph.

Fourth:    The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in the First Paragraph and therefore denies same.

Fifth:     The defendant denies the allegations contained in the Fifth Paragraph.

Sixth:     The defendant denies all of the allegations contained in the Sixth Paragraph, including subparagraphs (a) through (e) inclusive.

Seventh:   The defendant denies the allegations contained in the Seventh Paragraph.

Eighth:    The Eighth Paragraph is an allegation of jurisdiction and law which requires no answer, but to the extent that an answer is required, the defendant denies each and every allegation contained therein.

**WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that this Honorable Court dismiss with prejudice **Count I** of the Complaint together with costs and reasonable attorney's fees.

## COUNT II

First: The defendant reaffirms and reiterates its answers to the allegations set forth in Paragraphs First through Fifth inclusive of Count I and incorporates same as if fully set out herein.

Second: The defendant denies the allegations contained in the Second Paragraph.

Third: The defendant denies the allegations contained in the Third Paragraph.

Fourth: The Fourth Paragraph is an allegation of jurisdiction and law which requires no answer, but to the extent that an answer is required, the defendant denies each and every allegation contained therein.

**WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that this Honorable Court dismiss with prejudice **Count II** together with costs and reasonable attorney's fees.

## COUNT III

First: The defendant reaffirms and reiterates its answers to the allegations set forth in Paragraphs First through Fifth inclusive of

           Count I and incorporates same as if fully set out herein.

Second:    The defendant denies the allegations contained in the Second Paragraph.

**WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that this Honorable Court dismiss with prejudice **Count III** together with costs and reasonable attorney's fees.

### AFFIRMATIVE ANSWERS

The defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, incorporates the following Affirmative Defenses into each and every Count in its Answer as follows:

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the plaintiff has failed to join an indispensable party.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, said injuries resulted in whole or in part from his own negligence and failure to exercise the degree of care and skill reasonably required of a seaman and not due to any negligence or fault on the part of the defendant.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, said damages resulted in whole or in part from an Act of God or a condition not created by the defendant, its employees, servants and/or agents.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, said damages resulted in whole or in part from the acts and/or omissions of a person or persons over whom the defendant had no control and for whom the defendant was and is not responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff is not entitled to maintenance and cure because his alleged injuries were caused by his own willful misconduct.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff is not entitled to maintenance and cure because his alleged injuries were caused by his willful concealment of a disabling condition.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff's

treatment is for an ancillary medical condition which did not manifest itself while in the vessel's service and is therefore beyond the defendant's responsibility for maintenance and cure.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff has reached maximum medical improvement for the condition for which he allegedly sustained onboard the vessel and therefore is now beyond the defendant's responsibility for maintenance and cure.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, such injury was without fault, knowledge or privity of the defendant; and that the damaged claimed herein exceeds the value of the vessel, including its pending cargo; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America, or and concerning limitation of liability of the defendant, 46 U.S.C.S. Appx. §183(b).

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff was not injured on July 1, 2001 and the claims he has filed are frivolous and without merit.

**WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that this Honorable Court dismiss Plaintiff's Complaint and Demand for Jury Trial with costs and reasonable attorney's fees.

**THE DEFENDANT DEMANDS TRIAL BY JURY ON ALL ISSUES RAISED IN PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL AND ITS ANSWERS AND AFFIRMATIVE DEFENSES CONTAINED HEREIN, WITH THE EXCEPTION OF LIMITATION OF LIABILITY WHICH IS UNIQUE FOR THE COURT'S DETERMINATION.**

By its attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/ Thomas J. Muzyka"
Thomas J. Muzyka
**BBO NO: 365540**
**Terence G. Kenneally**
**BBO NO: 642124**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated:  August 27, 2004